THE WAYCROSS LUMBER COMPANY v. GUY.

Though the evidence as to the cause of the injury was only circumstantial, it was sufficient to warrant the jury in finding that all of the material allegations in the plaintiff's petition were established. There was no error in denying a new trial.   *Judgment affirmed.*
March 26, 1892. Argued at the last term.

Master and servant.  New trial.  Before Judge At-
kinson.  Ware superior court.  April adjourned term,
1891.

Action for damages by Guy against the Waycross
Lumber Co.; verdict for the plaintiff; motion of the de-
fendant for a new trial, overruled.   The plaintiff al-
leged, in brief: He was engaged at work at the mills
operated by the defendant, his duty being to work at
the Reppard roller and saw the lumber, the engine,
boilers and propelling machinery being underneath the
floor upon which the saws and carriages and other ma-
chinery connected more directly with the manufacturing
of the lumber.  While he was changing the saws, this
being in the line of his duty, the saw carriage went for-
ward towards him, and without any notice or warning
from any one he was caught between the head-block
and saw-guide, and injured.  The machinery was under
the charge of a machinist employed for the purpose by
the manager or overseer of the business.  Plaintiff at
the time of the injury was entirely free from fault, and
the accident resulted from a failure on the part of the
overseer, machinist and agents of the defendant to exer-
cise ordinary and reasonable care and diligence to pre-
vent it.   By reason of a defect in the machinery a valve
was caused to move and give steam to the propelling
machinery which caused the carriage to move forward,
catching plaintiff between the head-block and saw-
guide, this defect in the machinery being known to the
machinist and overseer of the mill, and unknown to
plaintiff, who had been in the defendant's employment
five days.   The carriages by reason of the defect in the
machinery had been caused to go forward on other oc-
casions before his employment by the defendant, which
fact was known to the manager, overseer and machinist,
and the defendant had failed to correct or repair the de-
fect so as to prevent the giving of steam and the mov-

ing of the carriage without warning, and notwithstanding such failure to repair the defect, the manager, overseer and machinist failed to inform plaintiff of the same. All of said failures to act, above described, were caused on account of unskillfulness and imprudent conduct on the part of manager, overseer and machinist, without any degree of negligence on the part of plaintiff, and constituted negligence on the part of defendant, and were the sole cause of the injury.—By amendment it was alleged that the injury resulted solely from a defect in a valve which was improperly adjusted, thus allowing steam to escape into the cylinder, and caused the saw carriage to move forward, and that this defect was of long standing and was known to the general overseer or superintendent in general charge of the affairs of the defendant at the mill, and was also known to the defendant by reason of its long standing, and was not known to the plaintiff.

On demurrer that portion of the declaration seeking a recovery on the ground of the negligence of a co-employee was stricken. The evidence at the trial was voluminous, and need not be recited here. The grounds for new trial were, that the verdict was contrary to law and evidence, and to several specified portions of the charge to the jury, and that the court erred in the following instruction: "Then you will inquire whether this defect existed, whether it was known expressly to the master, and if not, whether the superintendent of the mill was reasonably diligent in looking after the machinery so as to find out its actual condition. If by the exercise of ordinary and reasonable care in looking after the machinery in that mill he might have discovered a defect, the defect described in the declaration, if you find that it existed, then the law charges him with notice of the defect."

J. L. SWEAT, W. G. BRANTLEY and S. W. HITCH, for plaintiff in error.

L. A. WILSON and J. C. McDONALD, *contra*.